BLONDET, PLAINTIFF AND APPELLEE, *v.* BENÍTEZ ET AL.,
DEFENDANTS AND APPELLANTS.

## APPEAL from the First District Court of San Juan in Foreclosure Proceeding.

No. 3285.—Decided June 17, 1924.

FORECLOSURE—APPEAL.—Although a foreclosure proceeding may be *prima facie* null and void for lack of jurisdiction, it can not be attacked in the same proceeding, and if this is done and the motion is overruled, the ruling is not appealable.

The facts are stated in the opinion.

*Messrs. Campillo & Campillo* and *M. Tous Soto* for the appellants.

*Mr. R. H. Blondet* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

For the purposes of the hearing only this case has been joined to case No. 3152 decided today, *ante,* page 394. The fundamental questions are the same. The only difference is that the appellants have presented the same defenses pleaded in the other suit in the foreclosure proceedings in a motion praying that the proceedings be declared void.

*A priori,* it might seem possible to apply the general rule that between the same parties and in the same suit the aggrieved party could move directly for the annulment of defective proceedings. But that rule is not applicable to a special and summary foreclosure proceeding. The Mortgage Law and its Regulations forbid the interruption or suspension of the summary proceeding except in certain specified cases. In all other cases it is necessary to bring an ordinary action. Therefore, direct attack within the same proceeding, according to the general rule, is permitted only on the grounds specifically enumerated in article 175 of the Regulations for the Execution of the Mortgage Law, as follows:

"1.—When documentary evidence is produced of criminal pro-

ceedings charging the forgery of the mortgage deed the subject of the proceedings, in which a complaint shall have been admitted or an order of prosecution has been issued.

"2.—When an action in intervention of ownership is filed, necessarily [*sic*] the title of the ownership of the estate in question recorded in favor of the intervener under a date prior to the record of the claim of the execution creditor and not canceled in the registry being necessarily filed therewith.

"3.—When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancellation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence."

But this is not the case with the other claims indicated in the latter part of said article, which may be ventilated by collateral attack in a plenary action.

Furthermore, in view of the conclusion reached in case No. 3285, referred to heretofore in this opinion, the appeal would serve no practical purpose, and, moreover, the order of the lower court is not appealable.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.